UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rod Smith,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>The City of New York; Sean Gittens, in his individual capacity; Paul Scott, in his individual capacity,<br><br>　　　　　　　　Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>14 Civ. 2623 (SAS) |

**PRELIMINARY STATEMENT**

　　1.　　This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

**JURISDICTION**

　　2.　　This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

　　3.　　Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

**VENUE**

　　4.　　Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

　　5.　　The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.      Plaintiff Rod Smith is a resident of New York.

7.      Defendant the City of New York (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      At all relevant times herein, defendants Paul Scott, Sean Gittens (the "Individual Defendants"), were employed by the NYPD and were acting in the capacity of agent, servant, and employee of the City.

10.     At all relevant times herein, defendant Paul Scott ("Sergeant Scott") held the rank of Sergeant and had shield number 33378.

11.     At all relevant times herein, defendant Sean Gittens ("Officer Gittens") held the rank of Police Officer, and had shield number 16490.

12.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  The Individual Defendants were acting for and

on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

### STATEMENT OF FACTS

13. On October 8, 2011, at approximately 9:30 PM, plaintiff Rod Smith was in the vicinity of Adam Clayton Powell, Jr. Boulevard and West 115th Street with his partner, Vanessa Allen, and her eleven-year old daughter.

14. Mr. Smith and Ms. Allen had been having a loud argument on street. During the course of this argument, they walked in front of a marked police car.

15. After (and as a result of) the argument between Ms. Allen and Mr. Smith, Ms. Allen and her daughter got into a livery cab with out Mr. Smith, who was now standing alone on the corner of Adam Clayton Powell, Jr. Boulevard and West 115th Street when what appeared to be the same marked police car approached him.

16. On information and belief, based on the fact that they are to two officers listed on the Criminal Court compliant filed in this matter, the officers in the marked police car were defendants Sergeant Scott and Officer Gittens.

17. Sergeant Scott and Officer Gittens got out of their car and approached Mr. Smith and asked him what was going on.

18. Mr. Smith explained that he and Ms. Allen had just had an argument as a result of which Ms. Allen and her daughter got into the cab without Mr. Smith.

19. Sergeant Scott then directed a unmarked police vehicle, which had just arrived, to stop the livery cab. The cab was stopped and Ms. Allen and her daughter were directed out and towards where Sergeant Scott and Officer Gittens were standing with Mr. Smith.

20. Sergeant Scott then went over to where Ms. Allen and her daughter were now standing, about 20 feet away, to speak with them.

21. During this conversation, Sergeant Smith asked Ms. Allen if Mr. Smith hit her, and Ms. Allen said he did not.

22. This notwithstanding, Sergeant Scott returned to Mr. Smith and placed him under arrest.

23. Mr. Smith was then transported to the NYPD's 28th Precinct.

24. Ms. Allen and her daughter were also transported to the 28th Precinct.

25. At he precinct, Ms. Allen continued to tell the police that Mr. Smith did not assault her.

26. Despite Ms. Allen's denials of any wrongdoing on the part of Mr. Smith, Mr. Smith was charged by the police with assaulting her.

27. Officer Gittens was the "arresting officer."

28. Mr. Smith was processed and eventually brought to Central Booking, where he was eventually brought before a judge and arraigned on a Criminal Court complaint charging him with, *inter alia*, Assault in the Third Degree and Endangering the Welfare of a Child.

29. These charges were based on false accusations that Sergeant Scott and/or Officer Gittens made to prosecutors in the Kings County District Attorney's office.

30. Bail was set at his arraignment and Mr. Smith, not being able to post it right away, languished in jail for approximately 8 days.

31. On January 19, 2012, all the charges against Mr. Smith were dismissed on the motion of the officer of the District Attorney of New York County.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. The aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

36. The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by plaintiff.

### SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983
### Against the Individual Defendants

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. By intentionally confining, arresting, imprisoning and detaining plaintiff without probable cause, privilege or consent, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States

Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

### THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983
### Against the Individual Defendants

40. All other paragraphs herein are incorporated by reference as though fully set forth.

41. In initiating the criminal proceedings against plaintiff with malice and without probable cause to believe the proceeding, which were terminated in plaintiff's favor, could succeed, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

### FOURTH CAUSE OF ACTION
### Denial of Right to a Fair Trial under 42 U.S.C. § 1983
### Against the Individual Defendants

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, the Individual Defendants engaged under color of law in the violation of plaintiff's right to a fair trial under the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

44. All other paragraphs herein are incorporated by reference as though fully set forth.

45. Municipal liability for the violations of plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

46. At all times material to this complaint, the defendant City, acting through the NYPD

and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated:  New York, New York
        April 14, 2014

Respectfully submitted,

Darius Wadia, L.L.C.

/s/

_____
By:  Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212